UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SALMA PEREZ, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 2:22-cv-106 |
| v. § | |
| § | JURY TRIAL DEMANDED |
| ADEL TRUCKING INC. and § | |
| AZIZ ADEL KAJI, § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SALMA PEREZ** (hereinafter "Plaintiff"), complaining of **ADEL TRUCKING INC.** and **AZIZ ADEL KAJI** (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as complete diversity exists among the Parties, and Plaintiff seek monetary damages in excess of $75,000. Plaintiff is a citizen of Texas.

2. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this district.

**II.**

**PARTIES**

3. Plaintiff SALMA PEREZ  is a resident of Texas.

4. Defendant ADEL TRUCKING INC. ("Adel") is a foreign corporation with its principal place of business in Macomb, MI. This Defendant is subject to the Court's jurisdiction because its specific Texas contacts associated to the underling claims and incident justify such. This Defendant may be served with process through its registered agent, Aziz Adel Kaji at 19729 Mapleton Dr., Macomb, MI 48044.

5. Defendant AZIZ ADEL KAJI ("Kaji") is a natural person and resident of Michigan. This Defendant may be served with process at his personal residence at 19729 Mapleton Dr., Macomb, MI 48044.

## III.

## FACTS

7. On or about January 30, 2022, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving east on Interstate 30 in Franklin County, Texas when suddenly and without warning her vehicle was struck from the side by the Defendants when Defendant Kaji made an unsafe lane change. The impact caused Plaintiff to lose control of her vehicle, and her vehicle got caught in front of Defendants' vehicle.

8. At the time of the accident, Defendant Kaji failed to keep a proper look out and failed to yield the right of way. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff injured her neck, back, spine, head, and other parts of her body.

9. At all relevant times, Defendant Kaji was acting in the course and scope of his employment with Defendant Adel and acting in furtherance of a mission for Defendant Adel's benefit and subject to its control. Additionally, Defendant Kaji was driving a vehicle owned

and maintained by Defendant Adel and was operating the vehicle under Defendant Adel's commercial operating authority.

## IV.

## CAUSES OF ACTION

A. *<u>Negligence and Gross Negligence (Against All Defendants)</u>*

11. Plaintiff repeats and realleges each allegation contained above.

12. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to remain in a single lane of traffic;
- Failed to change lanes safely;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to yield the right of way;
- Failed to operate the vehicle safely;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and
- Other acts deemed negligent and grossly negligent.

13. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injuries.

14. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### B.   *Negligence Per Se (Against All Defendants)*

15. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.060 and 545.401.

16. Plaintiff is a member of the class that Texas Transportation Code Sections 545.060 and 545.401 were designed to protect.

17. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.060 and 545.401 proximately caused Plaintiff's injuries described herein.

### PLAINTIFF' CLAIM OF *RESPONDEAT SUPERIOR* AGAINST ADEL

18. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kaji was within the course and scope of employment for Defendant Adel.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kaji was engaged in the furtherance of Defendant Adel's business.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Kaji was engaged in accomplishing a task for which Defendant Adel was employed.

21. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant

Adel.

## AGENCY

22.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant Adel, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Adel.

23.     Therefore Defendant Adel is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C.     *Negligent Hiring (Against Defendant Adel)*

24.     Plaintiff repeats and realleges each allegation contained above.

25.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Kaji as a potential employee.

- Failure to properly follow up on information not provided by Defendant Kaji in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Kaji's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Kaji.

- Failure to adopt proper policies and procedures regarding the interview

5

       of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D. *Negligent Training (Against Defendant Adel)*

26. Plaintiff repeats and realleges each allegation contained above.

27. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Kaji.

- Failure to provide the necessary training to Defendant Kaji regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Kaji, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (Against Defendant Adel)*

28. Plaintiff repeats and realleges each allegation contained above.

29. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Kaji to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Kaji to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Kaji, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Kaji to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F.     *Negligent Entrustment (Against Defendant Adel)*

30. Plaintiff repeats and realleges each allegation contained above.

31. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Kaji who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

### G.     *Ratification (Against Defendant Adel)*

32. Plaintiff repeats and realleges each allegation contained above.

33. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Kaji after he committed the underlying tortious acts;

- Knew of Defendant Kaji's tortious acts;

- Recognized that Defendant Kaji will likely continue to be negligent if he is retained;

- Recognized that Defendant Kaji will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Kaji from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Kaji's negligent and grossly negligent conduct after Defendant Adel gained knowledge of the conduct.

34. As a result of Defendant Kaji's negligent and grossly negligent conduct, which Defendant Adel ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## V.

## **DAMAGES**

35. Plaintiff incorporates all other paragraphs by reference here fully.

36. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre and post-judgment) in accordance with the law;

- Costs of Court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

37. Plaintiff pleads further for punitive damages in amount as the jury shall affix. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by their acts and/or omissions, which caused Plaintiff's injury, but did nothing to rectify them. Defendants did so knowing that their acts and/or omissions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk leading to the underlying incident and associated injuries.

## VI.

## **JURY TRIAL DEMANDED**

38. Plaintiff hereby requests a jury trial of this matter and has or will pay the appropriate jury fee.

## VII.

## **PRAYER**

For these reasons, Plaintiff prays that Defendants be duly cited and served with this Complaint, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiff and against all Defendants, in solido, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all such other general and equitable relief to which Plaintiff may be justly entitled.

        Respectfully Submitted,

        /s/ *Stafford Davis*
        Stafford Davis
        State Bar No. 24054605
        Catherine Bartles
        State Bar No. 24104849
        **THE STAFFORD DAVIS FIRM, PC**
        815 South Broadway Avenue
        Tyler, Texas 75701
        (903) 593-7000 (Office)
        (903) 705-7369 (Fax)
        sdavis@stafforddavisfirm.com
        cbartles@stafforddavisfirm.com

        Kurt B. Arnold
        SBN:  24036150
        karnold@arnolditkin.com
        Adam Lewis

        SBN: 24094099
        alewis@arnolditkin.com
        **ARNOLD & ITKIN LLP**
        6009 Memorial Drive
        Houston, TX  77007
        Tel: 713.222.3800
        Fax: 713.222.3850
        **e-service@arnolditkin.com**

        **ATTORNEYS FOR PLAINTIFF**